AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1150
E-mail:  drands@ag.nv.gov

*Attorneys for Interested
Party, Nevada Department of
Corrections*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIN WARE,<br><br>            Plaintiff,<br><br>vs.<br><br>M. SULLIVAN, et al.<br><br>            Defendants. | Case No.  3:22-cv-00037-ART-CSD<br><br>**ORDER GRANTING MOTION TO VACATE EARLY MEDIATION CONFERENCE** |

      Interested Party, the Nevada Department of Corrections, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Senior Deputy Attorney General, hereby, hereby moves this Court for an order vacating the Early Mediation Hearing (EMC) set for Tuesday November 22, 2022.  This motion is based on the following Memorandum of Points and Authorities, the attached declaration, and all papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

      This case is a *pro se* civil rights action pursuant to 42 U.S.C. §1983.  ECF No. 9 at 1. Plaintiff, Erin Ware (Plaintiff), is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC).  *Id.*  Plaintiff sues various Defendants and alleges they violated his rights under the Eighth Amendment to the U.S. Constitution.  *Id.* at 5.

      An early mediation conference is set for Tuesday, November 22, 2022 at 8:30 am. (ECF No. 18) In preparation for the conference, counsel for the Interested Party contacted Plaintiff to discuss

1

this matter. In the course of that conversation, it became clear that an EMC would not be beneficial in this matter. The Interested party does not wish to have the matter excluded, per se. However, after speaking with Plaintiff, it is clear that a mediation, at this time, would not be productive.

In the conversation with Counsel, a discussion was had regarding the settlement value of this case. Plaintiff indicated, that in his experience, the Interested Party would not be willing to pay what he feels the case is worth. He indicated that he would like to proceed to trial. He also indicated that he was in the process of obtaining legal counsel, which would further complicate the mediation process.

In this matter, there is an allegation that there was a delay in sending Plaintiff to the hospital. Additionally, Plaintiff alleges that the infectious disease specialist at the hospital told him that he needed to take two oral antibiotics daily for the rest of his life. Plaintiff claims that Dr. Naughton has refused to prescribe these antibiotics, and medical employees Sullivan, Richard, and Flores have denied Plaintiff's grievances requesting oral antibiotics. It is the position of the Defendants that they did not commit the constitutional violations claimed by Plaintiff. However, more importantly, following the conversation between Counsel and Plaintiff, the mediation in this case will not be fruitful.

During the call, Plaintiff would not give me a number for settlement. However, he said he would not settle for less than he felt the case was worth. This is in reference to prior settlement offers. In his grievance he asked for multi millions of dollars. There is no indication that the NDOC will be willing to pay that amount at an early mediation conference.

Magistrate Judge Ferenbach, in *Hill v Villatoro*, 2021 WL 8016717 (D. Nev. 2021) stated as follows:

> Prisoner civil-rights cases under 42 U.S.C. § 1983 generally require significant time and resources to resolve. These costs are perhaps most acutely felt by incarcerated plaintiffs who understandably want swift resolution for alleged constitutional violations but often lack the funds needed to retain an attorney to prosecute their claims. In an effort minimize these costs, the U.S. District for the District of Nevada created the Inmate Early Mediation Program, in which eligible § 1983 cases are sent to early mediation after the Court screens the complaint. A party moving to exclude a case from the program must demonstrate why the case is not suitable for mediation. In any event, defendants in cases that the Court has referred to its mediation program have the right not to make any

settlement offers, and plaintiffs have the right not to accept settlement offers. And when mediation does not appear likely to be productive and save resources, the Court may choose to remove a case from the program and vacate any scheduled mediation conference. *Id*. at 1

The Court's order in this matter states that any request to vacate the Early Mediation Conference must be filed no later than 21 days prior to the mediation.  (ECF No. 8 at 10:17). Therefore, this motion is timely.

Based upon the conversation with Plaintiff, the Interested Party respectfully request this Court vacate the Early Mediation Conference set for Tuesday, November 22, 2022 at 8:30 am.  The Defendants request that the Court use its inherent powers to control its docket by issuing an order vacating the early mediation conference.

DATED this 31st day of October, 2022.

         AARON D. FORD
         Attorney General

         By: */s/ Douglas R. Rands*
            DOUGLAS R. RANDS, Bar No. 3572
            Senior Deputy Attorney General

         *Attorneys for Defendants*

IT IS SO ORDERED.

DATED: November 1, 2022.

_____
UNITED STATES MAGISTRATE JUDGE