Luke Busby, Esq.
Luke Andrew Busby, Ltd.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
Fax (775) 403-2192
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ERIN WARE,

Plaintiff,

v.

KEAST, et al.,

Defendants.

_____/

Case No.: 3:22-cv-00037-ART-CSD

**MOTION TO REOPEN DISCOVERY AND SET DISCOVERY SCHEDULE**

Plaintiff ERIN WARE, through undersigned counsel, respectfully moves this Court to reopen discovery and set a discovery schedule pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. This motion is based on good cause and excusable neglect, as Plaintiff, proceeding pro se during the discovery period, faced significant health and incarceration-related barriers that prevented effective discovery, and newly appointed counsel requires additional discovery to obtain critical medical records and an expert opinion to substantiate Plaintiff's claims.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case involves Plaintiff's claim of deliberate indifference to a serious medical need under 42 U.S.C. § 1983, alleging a delay in hospital transfer by Defendants Keast and Dr. Naughton, resulting in prolonged pain and harm from untreated blood infections. Discovery closed on August 25, 2023. (ECF No. 32). The Court denied Defendants' motion for summary judgment on September 20, 2024, finding genuine disputes of material fact. (ECF No. 62). Plaintiff, an inmate at Northern Nevada Correctional Center (NNCC), proceeded pro se during discovery and was unable to obtain essential evidence due to his health challenges and lack of legal knowledge. Counsel was appointed on April 7, 2025, after the discovery deadline. Plaintiff now seeks to reopen discovery to obtain medical records from Carson Tahoe Hospital, Renown Regional Medical Center, and the Nevada Department of Corrections (NDOC), and to secure an expert opinion on disputed issues.

## II. STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." The good cause standard primarily considers the diligence of the party seeking the amendment. If a request to extend a deadline is made after its expiration, Local Rule 26-3 requires the movant to demonstrate that the failure to act was due to excusable neglect. *Sharkey v. Duke*, No. 2:23-cv-00449-CDS-DJA, 2024 U.S. Dist. LEXIS 148270, at *5 (D. Nev. Aug. 19, 2024). Local Rule 26-3 also requires a motion to extend discovery to include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery was not completed; and (4) a proposed schedule for completing all remaining discovery. Id. at *2.

### III. ARGUMENT

Plaintiff satisfies the requirements of Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3, demonstrating good cause and excusable neglect to reopen discovery. Plaintiff proceeded pro se during the discovery period, which closed on August 25, 2023. (ECF No. 32).

As a pro se litigant, Plaintiff faced significant barriers, including end-stage renal disease, severe pain, cognitive impairment, and frequent hospitalizations, which limited his ability to access legal resources or pursue discovery effectively. See *Sharkey*, 2024 U.S. Dist. LEXIS 148270, at *8 (acknowledging difficulties pro se litigants face in pursuing discovery). Plaintiff's health challenges, combined with his incarceration, prevented Plaintiff from obtaining medical records or securing an expert opinion, constituting excusable neglect for his failure to complete discovery by the deadline.

The Court recognized Plaintiff's circumstances by granting his motion for appointment of counsel on September 20, 2024, referring the case to the Pro Bono Program. Counsel was appointed on April 7, 2025, well after the discovery deadline. Plaintiff could not have reasonably completed the necessary discovery without legal assistance, further supporting excusable neglect. The Court noted that Ware, proceeding pro se, repeatedly sought resources to prosecute his claim, including filing motions for appointment of counsel due to his severe health issues and low literacy, and a motion to review medical records in his cell because of limited access to his medical files, recognizing his persistent efforts to overcome barriers to litigation.

Further, Ware was recently informed by a physician at Renown Regional Medical Center that he will require open heart surgery to address cardiac damage

sustained due to the untreated blood infections that progressed during the period of delayed hospital transfer by Defendants Keast and Dr. Naughton

Plaintiff has completed minimal discovery to date due to the aforementioned barriers. Ware diligently sought access to his medical records to support claim, filing a motion on March 18, 2024, to review his full medical files in his cell (ECF No. 49) and an objection on July 26, 2024, reiterating this request after the court's denial (ECF No. 59), but his efforts were thwarted by the court's April 9, 2024, order (ECF No. 52), which, citing to Nevada Department of Corrections Administrative Regulation 639, prohibited in-cell possession of medical records and instead directed Ware to kite the Warden's office for review, a process that Ware asserted was inadequate due to his limited access and health-related barriers.

The discovery that remains to be completed includes: (1) medical records from Carson Tahoe Hospital to document the severity of Plaintiff's infections and hospital findings following the alleged delay; (2) records from Renown Regional Medical Center to corroborate ongoing complications and injuries caused by the delay; (3) NDOC medical and other records to verify the timeline of Plaintiff's complaints, "man downs," and treatment at NNCC; and (4) an expert opinion to establish whether the delay in hospital transfer exacerbated Plaintiff's condition and constituted deliberate indifference.

These items are directly relevant to proving the extent of harm and Defendants' knowledge of Plaintiff's condition, addressing the genuine disputes of material fact identified by the Court. (ECF No. 62).

The reasons for Plaintiff's failure to complete discovery include his pro se status, health challenges, and lack of access to legal and financial resources during the

discovery period. Unlike in *Sharkey*, where the plaintiff failed to provide concrete reasons beyond pro se status and general assertions, Plaintiff here specifies his debilitating medical conditions, lack of counsel to assist with this complicated case, financial limitations, and incarceration-related limitations as barriers to diligence. See *Sharkey*, 2024 U.S. Dist. LEXIS 148270, at *8. With counsel now appointed, Plaintiff can diligently pursue this discovery, satisfying the good cause standard. See *In re W. States*, 715 F.3d at 737 (focusing on diligence of the party seeking amendment).

Reopening discovery will not unduly prejudice Defendants. The case remains active with no trial date set, and Defendants have access to the same medical records, which can be produced without significant burden. See *Sharkey*, 2024 U.S. Dist. LEXIS 148270, at *7 (noting lack of prejudice when plaintiff could pursue claims in a separate case). Any delay is minimal compared to the need for a fair adjudication of Plaintiff's claims.

**Plaintiff proposes the following discovery schedule, consistent with Local Rule 26-3:**

Discovery Cut-Off: November 15, 2025.

Initial Disclosures (to include medical records): June 15, 2025.

Expert Designation: September 15, 2025.

Rebuttal Expert Designation: October 15, 2025.

This schedule allows sufficient time to obtain records and expert opinions while ensuring progress toward resolution.

**IV. CONCLUSION**

Plaintiff respectfully requests that the Court grant this motion to reopen discovery and adopt the proposed discovery schedule. Plaintiff's inability to conduct

discovery pro se, due to severe health and incarceration barriers, constitutes good cause and excusable neglect under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. The requested discovery is essential to substantiate Plaintiff's claims, and no undue prejudice will result to Defendants.

Dated:  Apr 16, 2025

By: /s/ Luke Busby          
 Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

**CERTIFICATION OF MEET AND CONFER**

I, undersigned counsel for Plaintiff Erin Ware, certify that on April 16, 2025, I met and conferred with opposing counsel, Mr. Rands, regarding Plaintiff's motion to reopen discovery. During this conference, both parties discussed their respective positions on reopening discovery, with Plaintiff asserting the necessity due to prior pro se barriers and a recent medical diagnosis, and Defendants opposing the motion. Despite a good-faith effort to reach an agreement, the parties disagree on whether discovery should be reopened.

Dated:  Apr 16, 2025

By: /s/ Luke Busby         
 Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing Document by:

_____ personally delivering;
_____ delivery via Reno/Carson Messenger Service;
_____ sending via Federal Express (or other overnight delivery service);
_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; and/or,
\_\_\_X\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Douglas R Rands
Nevada Attorney General
100 N. Carson Street
Carson City, NV 89701-4717
775-684-1150
Fax: 775-684-1108
Email: drands@ag.nv.gov

**DATED** this:  Apr 16, 2025

By: \_\_\_ */s/ Luke Busby, Esq*