Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIN WARE, | Case No.: 3:22-cv-00037-ART-CSD |
| Plaintiffs, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL THE NEVADA DEPARTMENT OF CORRECTIONS TO ALLOW CONTINUING ZOOM VISITS** |
| V. | |
| KEAST, et al., | |
| Defendant(s). | |

COME NOW Plaintiff ERIN WARE, by and through his undersigned counsel, and respectfully respectfully submits this reply in support of his Motion to Compel the Nevada Department of Corrections (NDOC) to permit continuing Zoom video visits between Plaintiff and his counsel for the duration of this litigation (ECF No. 73). Defendants' opposition (ECF No. 74) raises several preliminary issues that do not preclude the Court's exercise of its inherent authority to ensure meaningful access to the courts, as articulated in *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). The opposition also misapplies *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)(Superseded on

other grounds by statute as stated in *Jolly v. Coughlin*, 76 F.3d 468, 475 n.3 (2d Cir. 1996)), ignoring that NDOC's restrictions on Zoom visits are not reasonably related to legitimate penological interests when more restrictive alternatives like in-person visits impose greater burdens and safety risks and Zoom offers superior, cost-free communication.

The record demonstrates NDOC's capacity to facilitate Zoom visits, as evidenced by the prior accommodation on April 9, 2025, and the opposition fails to justify why such visits cannot continue without undue burden. The Court should grant the motion to prevent hindering Plaintiff's ability to participate meaningfully in his case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Preliminary Issues Do Not Preclude Relief

Defendants assert four preliminary issues purportedly barring injunctive relief: (1) neither Mr. Keast nor Dr. Naughton currently works for NDOC (which is irrelevant); (2) NDOC is not a party due to sovereign immunity; (3) the motion addresses issues not pled in the complaint; and (4) this is a civil case without a right to counsel.

First, the fact that the named Defendants no longer work for NDOC does not eliminate the Court's inherent authority to issue orders necessary to manage litigation and ensure access to justice, as recognized in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The motion seeks relief from NDOC as the entity controlling Plaintiff's access to counsel, not solely from the former employees. Incarcerated plaintiffs have a constitutional right to meaningful access to the courts, which includes the ability to communicate effectively with counsel. *Lewis v. Casey*, 518 U.S. at 350-51. Courts may order correctional facilities to provide reasonable accommodations to facilitate

attorney-client communication, particularly when alternative methods impose undue burdens or are inadequate. See *Casey v. Lewis*, 4 F.3d 1516, 1520 (9th Cir. 1993). The Court's authority extends to NDOC to remedy ongoing denials of meaningful access, regardless of the named Defendants' current employment status.

      Second, NDOC's non-party status and sovereign immunity under Nev. Rev. Stat. § 41.031(3) and cases like *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982), do not bar relief. The motion invokes the Court's inherent authority to ensure access to the courts, not a direct suit against NDOC for damages. The Court retains jurisdiction to compel NDOC's compliance to protect Plaintiff's constitutional right of meaningful access.Prisoners have a constitutional right of access to the courts. Prisoners have a right of contact visitation with their attorneys that is encompassed by their right of access to the courts. See *Ching v. Lewis*, 895 F.2d 608, 609–10 (9th Cir. 1990) (*per curiam*) (holding that a prisoner's right of access to the courts includes contact visitation with his counsel).

      In *Ching*, the Ninth Circuit held that prisoners' Fourteenth Amendment right to meaningful court access includes contact visitation with counsel, rejecting claims that mail or phone alternatives suffice when barriers impede effective communication. Applied here, *Ching's* principle—that prisons must enable robust, confidential attorney-client interaction without arbitrary restrictions—supports requiring NDOC to allow Zoom visits, as they offer real-time visual and document-sharing capabilities without added security risks or burdens, especially where in-person alternatives are logistically prohibitive for counsel. Though pre-dating video tech, this aligns with *Lewis*

*v. Casey*, 518 U.S. 343 (1996), and avoids overreach under *Turner v. Safley*, 482 U.S. 78 (1987).

    Third, the motion does not require an access-to-courts claim in the underlying complaint, as it seeks accommodations for ongoing litigation, not new claims. The Court has authority to issue orders ensuring meaningful access without amending the complaint - much like the court has authority to compel a witness subject to its jurisdiction to produce documents in response to a subpoena without such an amendment.

    During the COVID-19 era, federal courts ordered prisons or jails to provide video visits for attorney-inmate consultations as a feasible alternative to in-person visits, especially when in-person access was restricted to protect health and ensure meaningful access to courts. For instance, in *Criswell v. Boudreaux*, No. 1:20-cv-01048-DAD-SAB, 2020 WL 5235675 (E.D. Cal. Sep. 2, 2020), the Eastern District of California addressed a policy limiting in-person attorney visits and ordered the jail to facilitate confidential video conference calls. Similarly, in *Banks v. Booth*, No. CV 20-849(CKK), 2020 WL 1914896 (D.D.C. Apr. 19, 2020), the D.C. District Court granted a preliminary injunction requiring unmonitored video visits with counsel to minimize in-person interactions during the pandemic while upholding prisoners' right to effective communication. These decisions emphasize video as a more practical substitute under *Turner v. Safley* standards when it supports access without undue burden.

    Fourth, while there is no absolute right to unrestricted meetings with counsel, the Plaintiff has not requested as much. Plaintiff has appointed counsel, and the issue

is facilitating effective communication to ensure meaningful access to the courts. *Lewis v. Casey*, 518 U.S. at 350-51. Denying Zoom visits without a rational basis risks violating due process by hindering Plaintiff's participation, even in a civil matter.

### *B. NDOC's Policies Do Not Ensure Meaningful Access and Fail Under Turner*

NDOC's policies limiting Zoom visits are not reasonably related to legitimate penological interests under Turner v. Safley, 482 U.S. at 89-90. The four Turner factors—(1) rational connection to governmental interest; (2) alternative means; (3) impact on guards, inmates, and resources; and (4) obvious alternatives—favor Plaintiff.

### *C. No Rational Connection Exists Between the Policy and Penological Interests*

NDOC claims limited technology and security concerns justify restricting Zoom to court hearings, early mediation conferences, and parole hearings. Yet the record shows NDOC has installed infrastructure at Northern Nevada Correctional Center (NNCC), as it facilitated a Zoom visit on April 9, 2025. The opposition's Declaration of Clark admits offenders lack internet access for security reasons but concedes Zoom uses the same technology as hearings. A rational connection requires a logical link that is not arbitrary or irrational. *Turner*, 482 U.S. at 89-90. Here, the policy is arbitrary: NDOC can accommodate Zoom without granting inmates unsupervised internet access, as staff supervise the calls in a private room. Zoom poses no greater security risk than phone calls or in-person visits—indeed, it reduces risks by avoiding non-inmate entry into the facility.

///

### D. Alternatives Are Inadequate for Meaningful Access

Alternatives like phone calls, or mail do not suffice. In-person visits are time-prohibitive, consuming two to three hours round-trip from counsel's Reno office to NNCC in Carson City (approximately 43 minutes one-way per the opposition). Counsel, as a solo practitioner, faces significant time constraints. Phone calls lack document-sharing and impose significant per-minute costs on Plaintiff, an incarcerated individual with limited resources, violating equity under *Lewis v. Casey*, 518 U.S. at 350-51. This is discriminatory, as Zoom is free (counsel pays the subscription) and enables real-time screen-sharing for reviewing discovery, interrogatories, and other materials—essential for meaningful access, and NDOC does not dispute that it has access to the Zoom platform.

### E. Zoom Visits Impose No Undue Burden

Accommodating Zoom visits would not unduly burden NNCC. The time to arrange a Zoom meeting and move Plaintiff to a private room is identical to in-person visits, requiring the same confidentiality and staff supervision. NDOC claims "flood gates" would open for 1200 inmates, but the motion seeks relief only for this litigation, not systemwide. The opposition exaggerates impacts, as NDOC has one Zoom terminal used for hearings but has demonstrated capacity for attorney visits. Requiring additional infrastructure is speculative; the administrative burden is negligible compared to in-person visits, which involve security screenings, escorts, and access to restricted spaces within the prison by a non-inmate. *Turner*, 482 U.S. at 89-90. Plaintiff's right to meaningful access outweighs NDOC's stated reasons for not allowing access.

***F. Denial of Zoom Is an Exaggerated Response***

Easy alternatives like Zoom exist, indicating NDOC's policy claims are exaggerated. NDOC accommodates Zoom for hearings and previously for counsel, showing feasibility. Alternatives like improved phone systems or mail are inadequate; Zoom provides superior access without cost or increased risk. *Turner*, 482 U.S. at 89-90.  NDOC's policy hinders meaningful access without reasonable justification, violating *Lewis v. Casey*, 518 U.S. at 350-51.

**CONCLUSION**

The motion should be granted. NDOC's restrictions deny meaningful access. The Court should order continuing Zoom visits, with NDOC providing a single point of contact and requiring responses to requests within one business day.

Dated: Jul 16, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing by:

_____   personally delivering;

_____   delivery via Reno/Carson Messenger Service;

_____   sending via Federal Express (or other overnight delivery service);

\_\_\_\_   depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_   delivery via electronic means (fax, eflex, NEF, etc.) to:

>Douglas R Rands
>Nevada Attorney General
>100 N. Carson Street
>Carson City, NV 89701-4717
>775-684-1150
>Fax: 775-684-1108
>Email: drands@ag.nv.gov
>TSteele@ag.nv.gov

Dated: Jul 16, 2025

By: */s/ Luke Busby, Esq.*
Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
Phone (775) 453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*