UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ERIN WARE,

Plaintiff,

v.

JOHN KEAST, *et al.*,

Defendants.

Case No. 3:22-cv-00037-ART-CSD

ORDER DENYING MOTION TO APPOINT MEDICAL EXPERT AND STANDBY COUNSEL

Plaintiff Erin Ware, currently incarcerated at the Northern Nevada Corrections Center (NNCC), filed a pro se complaint raising multiple Eighth Amendment claims for deliberate indifference to serious medical needs. (ECF No. 9.) One of his claims—against Defendants John Keast and Dr. Martin Naughton—has survived summary judgment and is on track for trial. (ECF No. 62.) Mr. Ware was appointed pro bono counsel in April 2025 (ECF No. 66), but his appointed counsel withdrew and the case was referred back to the Pro Bono Program (ECF No. 85). New pro bono counsel has yet to be identified through the program.

Before the Court is Mr. Ware's motion to appoint an expert witness and standby counsel to assist with trial (ECF No. 111) and his duplicative motions to extend the pretrial order deadline (ECF Nos. 121, 124). Defendants oppose the motion to appoint an expert and standby counsel. (ECF No. 117.) For the reasons stated below, the Court DENIES the motion to appoint an expert and standby counsel and GRANTS the requested extension.

## I. LEGAL STANDARD

Federal Rule of Evidence 706 grants district courts discretion to appoint expert witnesses. Fed. R. Evid. 706(a) ("The court may on its own motion or on

the motion of any party enter an order to show cause why expert witnesses should not be appointed."). Because the decision to appoint an expert witness is "discretionary," appellate courts have provided little guidance regarding when appointment of a neutral expert is mandatory; "[r]ather, the cases interpreting Rule 706 typically explain why the district court did not abuse its discretion when applying the rule." *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011).

From those authorities, it is clear that "[a]ppointing experts witnesses under Rule 706 is rare given that the adversary system is usually sufficient to promote accurate fact finding." *Carley v. Gentry*, 454 F. Supp. 3d 1006, 1008 (D. Nev. 2020). "Rule 706 permits the appointment of an unbiased, neutral expert *only if* the expert's opinion would promote accurate fact finding and only where an expert would be particularly helpful evaluating complex or confusing evidence, such as scientific, technical, or other specialized knowledge." *Id.* (emphasis added). Courts thus must consider "whether (1) appointment of an expert will promote accurate factfinding; (2) testimony from the parties' experts is sufficient to reveal the facts; and (3) the claim raises constitutional concerns." *Id.* But Rule 706 does not permit appointing expert witnesses solely because doing so would benefit one party or another. *See Carley*, 454 F. Supp. 3d at 1008 ("A Rule 706 expert does not serve as an advocate for any party[.]"); *Gorton*, 793 F. Supp. 2d at 1177 & n.6.

## II. DISCUSSION

Mr. Ware asks the Court to appoint an expert and/or standby counsel to assist at the trial stage of his case. (ECF No. 111.) He explains that he is a dialysis patient and thus suffers from regular fatigue and absent-mindedness, and that he does not have the knowledge to successfully litigate his remaining deliberate indifference claim. (*Id.*) Defendants respond that Mr. Ware's claim does not require complex scientific or medical discussion and thus does not require a court-appointed expert witness. (ECF No. 117 at 2-3.) Defendants also note that

Mr. Ware's request is untimely, as the expert witness disclosure deadline passed on September 18, 2025, when Mr. Ware was still represented by his original pro bono counsel, and he did not disclose an expert witness then. (*Id.* at 4.)

The Court agrees with Defendants and declines to exercise its discretion to appoint an expert witness. The Ninth Circuit has repeatedly found that deliberate indifference claims do not present such complex issues that appointing a medical expert would be required or even justified. *See, e.g.*, *Woods v. Carey*, 488 Fed. App'x 194, 196 (9th Cir. 2012) (affirming the denial of a pro se incarcerated plaintiff's motion to appoint a medical expert to assist with his deliberate indifference claims); *Combs v. Washington*, 660 Fed. App'x 515, 517-18 (9th Cir. 2016) (same); *White v. Lee*, 510 Fed. App'x 640, 642-43 (9th Cir. 2013) (same); *see also Witkin v. Lotersztain*, 635 F. Supp. 3d 992, 996 (E.D. Cal. 2022) (concluding that a pro se inmate plaintiff's deliberate indifference claims were not "factually or legally complex such that the appointment of a neutral witness is required"); *Ledford v. Sullivan*, 105 F.3d 354, 359-60 (7th Cir. 1997) (concluding that "[t]he jury was capable of evaluating the defendants' subjective belief in light of the court's deliberate indifference definition without the aid of an expert").

The Court recognizes that Mr. Ware has done a sufficient job of articulating his claims, so much so that he survived Defendants' motion for summary judgment on one of his two claims. (ECF No. 62.) *See also Carley*, 454 F. Supp. 3d at 1008 (denying a motion to appoint an expert where the plaintiff was found to be "quite articulate in her motions"). His claim survived based on a genuine factual dispute over the length of Defendants' delay in sending Mr. Ware to the hospital after they were made aware that he needed such treatment, and whether the delay caused Mr. Ware further harm. (ECF No. 62 at 14.) Because these are not questions that require medical expertise, and because Mr. Ware's request comes well after the deadline for disclosing expert witnesses, LR 26-1(b), the Court denies Mr. Ware's request for the appointment of an expert witness.

The Court also denies Mr. Ware's request for standby counsel, as the request is moot. The Court already granted Mr. Ware's previous motion to appoint counsel (ECF No. 62) and referred his case to the Pro Bono Program. The issue is thus not whether Mr. Ware should be appointed counsel—the Court agrees that he should—but rather the practical constraints of finding counsel to take on his case through the Pro Bono Program. Mr. Ware will be appointed new pro bono counsel as soon as counsel has been secured through that channel.

**III. CONCLUSION**

It is therefore ORDERED that Plaintiff's motion to appoint an expert witness and standby counsel (ECF No. 111) is DENIED with respect to the expert witness and DENIED AS MOOT with respect to standby counsel.

It is further ORDERED that Plaintiff's motion to extend the pretrial order deadline (ECF Nos. 121, 124) is GRANTED. The parties are instructed to file their proposed pretrial order by November 25, 2026. Given the extensions already afforded to the parties, no further extensions will be granted a showing of absent extraordinary circumstances.

Dated this 29th day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE